Plaintiffs seek just compensation for the damage to their house and property located in Little Rock, Arkansas, suffered during a flood on September 13, 1978. Plaintiffs’ property backed on Fourche Creek, which during the flood eroded the property and, according to the plaintiffs, made it "valueless.” Plaintiffs claim that the McClellan-Kerr Navigation System on the Arkansas River (to which Fourche Creek is connected), together with the "actions and non-actions of the Corps of Engineers ["Corps”] were the direct and contributing cause of Plaintiffs loss.”
Defendants have moved for summary judgment on the grounds that plaintiffs’ conclusory statements in their petition do not show that the damage resulted from the government action and that a single flooding does not constitute a taking, which requires frequent and inevitably recurring overflows of water. Ark-Mo Farms, Inc. v. United States, 209 Ct. Cl. 116, 119, 530 F.2d 1384, 1386 (1976); Hartwig v. United States, 202 Ct. Cl. 801, 809-11, 485 F.2d *514 615, 619-20 (1973); National By-Products, Inc., v. United States, 186 Ct. Cl. 546, 575-77, 405 F.2d 1256, 1272-74 (1969). Plaintiffs answer that no future, recurring flooding problem can occur because most of their land has eroded away, and that in any event the Corps "knew that the basin had experienced prior flooding, specifically in April 1927, January 1937, April 1973, April 1974, January 1969, January 1968, and January 1930.” Defendant responds that the 1978 flood was an "extremely rare storm event * * * with a recurrence interval of about 50 years.”
The parties agree that the flood damaged plaintiffs’ property. Plaintiffs contend that a lock and dam that was part of the McClellan-Kerr system, located downstream from their property and at the mouth of the Fourche Creek, caused water levels to rise in Fourche Creek and that the impact of the flood upon the higher water levels destroyed their property. Additionally, plaintiffs contend that the refusal of the Corps to remove a large tree or to permit them to reinforce their property on the bank of the creek, contributed to the damage. Defendant counters that the presence of the lock and dam had no effect on flood levels or the volume of flow in the Fourche Creek.
The present controversy is similar to that we considered in Hillard v. United States, 218 Ct. Cl. 741 (1978), which involved a 1973 flood of the same navigation system. The parties there made similar arguments, but we denied the defendant’s motion for summary judgment because significant factual disputes existed.
The same situation exists in this case. Here there are factual disputes over (1) whether plaintiffs’ property has been or is subject to recurring flooding, and (2) whether the McClellan-Kerr Navigation System caused the higher water levels during the September 13,1978 flood. Consequently, defendant’s motion for summary judgment is denied, and the case is remanded to the Trial Division for further proceedings.